IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ARTHUR CARSON                                                     PLAINTIFF

v.                      Case No. 4:23-cv-00328-JM

UAMS, Hospital, *et al*.                                       DEFENDANTS

**ORDER**

Plaintiff Arthur Carson's motion to proceed *in forma pauperis* (Doc. 1) is granted. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (*per curiam*) (complaint can be filed if plaintiff qualifies by economic status under 28 U.S.C. § 1915(a)). He reports living on disability income.

The law requires the Court to screen the Complaint. 28 U.S.C. § 1915(e)(2). "A *pro se* plaintiff must set forth enough factual allegations to 'nudge [ ] their claims across the line from conceivable to plausible,' or 'their complaint must be dismissed' for failing to state a claim upon which relief can be granted." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing *pro se*, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Carson sues the University of Arkansas for Medical Sciences Medical Center ("UAMS") and one of its emergency room physicians, Dr. Daniel Holleyman. (Doc. 2). Carson alleges that, on January 18, 2023, an unknown nurse and Dr. Holleyman conspired to deprive him medical treatment and falsified medical records in retaliation. (*Id*.). Carson states that he sought medical

care at the UAMS ER for a torn quadricep in his right leg. (*Id*.). According to Carson, his leg was swollen and he was experiencing "excruciating pain." (*Id*.). Carson says he complained to Dr. Holleyman and the unknown nurse about his symptoms and the lack of care. (*Id*.). What care was provided or what conversations occurred is unknown, but Carson says he eventually left UAMS and went to another area hospital for treatment. (*Id*.). Carson states he had surgery weeks later, but he does not state what kind of surgery he had or whether it was related to his alleged leg injury. (*Id*.).

Carson explains that, when he reviewed the UAMS triage notes from his visit, he "discovered" that Dr. Holleyman "as retaliation inserted false information regarding [his] medical condition to cast false light on [him]." (*Id*.). According to Carson, Dr. Holleyman's triage notes read, "[r]ecurrent episode, severe, without mention of psychotic behavior (9/16/13)." (*Id*.). Carson challenges the truth of this triage note and contends Dr. Holleyman wrote it "solely to cause harm and change the way [he was] treated or medically evaluated." (*Id*.). He further suggests the note interferes with his access to the court by "eviscerate[ing] [his] right to fair and accurate medical records or receiving the correct medication." (*Id*.). Carson concludes by alleging that UAMS has allowed his employees to "run amok" and that it was indifferent to his medical needs. (*Id*.)

Carson brings his claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1985 and asks the Court to exercise supplemental jurisdiction over his state law claims. In order to state a claim for relief under § 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally protected statutory right. *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999). Similarly, section 1985 governs when defendants have conspired to interfere with an individual's civil rights. Carson cannot succeed on either claim.

Foremost, Carson has not asserted a constitutional right. His displeasure with his treatment at the UAMS ER does not amount to a constitutional claim. Further, a suit against one of UAMS's doctors is really a suit against his employer – UAMS. *See Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). UAMS is a state agency and is immune from suit. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Additionally, Carson has not shown a conspiracy took place. Because Carson has not asserted a federal claim on which this Court can exercise jurisdiction, the Court declines to exercise jurisdiction over Carson's state law claims. *See Liscomb v. Boyce*, 954 F.3d 1151, 1156 (8th Cir. 2020).

IT IS SO ORDERED this 11th day of May, 2023.

_____
UNITED STATES DISTRICT JUDGE